JOHN HICKOX AND JANE HICKOX, APPELLANTS, v. FREDERICK G. WEAVER, SHERIFF OF ONEIDA COUNTY, RESPONDENT.

*Notice to appoint another attorney in place of one deceased — proceedings stayed for thirty days — Code of Civil Procedure, §§ 65, 1302.*

Where, under section 65 of the Code of Civil Procedure, notice to appoint another attorney is served upon a party, whose attorney has died, all proceedings are stayed for thirty days, and a motion to dismiss an appeal for a failure to appoint an attorney, made within that time, is premature.

Where there is more than one party, both must be notified.

*Semble,* that, under section 1302 of the Code of Civil Procedure, the respondent may proceed in the same manner as it is therein provided that the appellant may.

MOTION to dismiss an appeal.

*M. M. Burlison,* for the respondent, for the motion.

—— for the appellants, opposed.

NOXON, J.:

Judgment was perfected for the defendant against the plaintiffs on the 27th of July, 1877, on the report of a referee, for costs.

The plaintiffs, by K. Carroll, attorney, appealed from the judg-

ment on September 19, 1877. A proposed case and exceptions was made and served September 6, 1877. Proposed amendments were made and served by M. M. Burlison, attorney for respondent, September 15, 1877. The case, exceptions and amendments were noticed for settlement before the referee on the 20th of September, 1877, and the same was settled.

The appeal was noticed for argument by respondent for the General Term at Syracuse, in January, 1878, and put upon the calendar. No notice of argument was served for said term by appellants. The case was not and had not been printed nor served upon respondent. The attorney, Carroll, died January 5, 1878. On March 14, 1878, the attorney for respondent served a notice on Jane Hickox, one of the plaintiffs, directed to the plaintiffs, requiring them to appoint another attorney in this case in place of Carroll, deceased, within thirty days from the service of the notice; and, in case of omission to appoint attorney, the appeal would be dismissed, on application to the court and service of notice upon the plaintiffs. On May 17, 1878, a like notice was served on the plaintiff, John Hickox. On May 17, 1878, the respondent served notice of argument in the case upon John Hickox for the General Term, held at Buffalo, on June 11, 1878, and also notice that the same was served upon him because the attorney of record (Carroll) was dead, and the plaintiffs had neglected to appoint any attorney upon whom notice could be served, and the notice would be filed with the clerk of the court. The notice of argument also contained a notice that an application would be then made to dismiss the appeal.

Accompanying the papers, the affidavit of the attorney for respondent, sworn to June 8, 1878, states no appearance has been made by appellants since service of notice to appoint an attorney in place of Carroll was made upon Jane Hickox, and that no case has been printed and served. That notice of argument was filed with the clerk of Oneida, May 7, 1878, pursuant to notice served on John Hickox, and more than thirty days has elapsed since the service upon Jane Hickox of notice to appoint an attorney, and no appearance in any manner has been made.

After service of notice to appoint an attorney was made on John Hickox, he had thirty days to appoint an attorney in place

of Carroll, deceased. The time would not expire until after the first day of the General Term, and the notice of argument of the appeal and for dismissal could not be given until the thirty days expired. Section 65, new Code, provides for notice to be served *on the party* for whom the deceased attorney appeared, and all proceedings are stayed for thirty days after notice has been given to that party. By a fair construction of the section, if there is more than one party, both parties must be served.

Section 1302, new Code, provides if the attorney of the adverse party is dead, *notice of appeal* may be served upon respondent in the manner prescribed by law for serving it upon the attorney, and if personal service cannot be made upon respondent with due diligence, within the State, notice of appeal and subsequent proceedings may be given to him as directed by a judge of the court in or to which the appeal is taken. This provision is intended to cover cases of appeal; and although the section does not in language cover this case, it is a reasonable construction to hold that the respondent in such cases must make personal service of all proceedings to be had on the appeal upon the appellant personally, if they can be made in the State; and if not, in the manner directed by a judge of the court to which the appeal is taken. The motion in this case is premature, and must be denied with leave to renew; no costs to either party.

Present — TALCOTT, P. J., SMITH and NOXON, JJ.

Motion to dismiss appeal denied; leave to renew; no costs to either party.